IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERICO BARAJAS, ON BEHALF OF HIMSELF AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>TRUSTY PLUMBING, INC., AN ILLINOIS CORPORATION, HOMESTEAD MANAGEMENT, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, ANDRIUS GEDVILAS, INDIVIDUALLY, AND VAIDA GEDVILAS, INDIVIDUALLY<br><br>　　　　　Defendants. | No. 1:19-cv-<br><br>Honorable Judge<br><br>Magistrate Judge<br><br>*JURY DEMAND* |

## COMPLAINT

**NOW COMES** Plaintiff, **FEDERICO BARAJAS,** ("Plaintiff"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for his Complaint against Defendants, **TRUSTY PLUMBING, INC., AN ILLINOIS CORPORATION, HOMESTEAD MANAGEMENT, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, ANDRIUS GEDVILAS, INDIVIDUALLY, AND VAIDA GEDVILAS, INDIVIDUALLY** (collectively, the Gedvilases) (each a "Defendant", collectively "the Defendants"), states as follows:

**I.　　NATURE OF ACTION**

1.　　This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **TRUSTY PLUMBING, INC.,** ("Trusty Plumbing") owns and operates a plumbing and construction company located at 205 Washington Ave, La Grange, IL 60525. Defendant, Trusty Plumbing, is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **HOMESTEAD MANAGEMENT, LLC,** ("Homestead") owns and operates a property management company located at 205 Washington Ave, La Grange, IL 60525. Defendant, Homestead, is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the

employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Defendant, **ANDRIUS GEDVILAS,** is the owner and President of Trusty Plumbing and the sole manager of Homestead. In his capacity as owner and president of Trusty Plumbing and manager of Homestead, Gedvilas was vested with the authority to implement and carry out the wage and hour practices of Trusty Plumbing and Homestead. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Gedvilas and Gedvilas in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Gedvilas was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6. Defendant, **VAIDA GEDVILAS,** is the co-owner of Trusty Plumbing and Homestead. In her capacity as an owner of Trusty Plumbing and Homestead, Gedvilas was vested with the authority to implement and carry out the wage and hour practices of Trusty Plumbing and Homestead. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Gedvilas and Gedvilas in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Gedvilas was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

7. The Corporate Defendants, Trusty Plumbing and Homestead are related in substantive ways (i.e. Plaintiff performed manual labor duties as assigned Andriusby Andrius

Gedvilas and Vaida Gedvilas for customers of both entities and received paychecks from both entities) and therefore, constitute a single enterprise under the law. At all times relevant hereto, the corporate Defendants ("Joint Employers") a) performed related activities; b) through unified operation or common control; c) for a common business purpose.

8. Plaintiff, **FEDERICO BARAJAS** (hereinafter referred to as "Plaintiff" or the "Named Plaintiff") is a former hourly employee of Defendants who, between approximately 2014 and August 2019, was employed by Defendants as a plumbing assistant and laborer. Plaintiff performed manual labor duties related to plumbing, construction, landscaping, snow removal, painting, etc. for both Corporate Defendants. Plaintiff received an improper salary and was denied overtime pay for hours worked over 40 per work week. Additionally, Defendants bifurcated certain landscaping, painting and similar jobs that they required him to perform from his regular plumbing assistant/labor duties such that those hours were not included in Plaintiff's regular pay nor properly calculated in his regular or overtime rates of pay. As a result of this practice, Plaintiff received checks from each of the Corporate Defendants at times over the course of his employment. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

9. All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants, were improperly denied overtime for hours worked in excess of 40 in individual work weeks as described above.

10. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Fair Labor Standards Act

11. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

12. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

13. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

### V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

14. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

15. Plaintiff, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

16. Plaintiff was employed by Defendants from approximately 2014 to August 2019.

17. Plaintiff was employed as a plumber assistant and laborer. Plaintiff aided plumbers employed by Trusty Plumbing by performing a variety of necessary and assigned manual labor tasks (i.e. breaking concrete, shoveling, cutting drywall, etc.).

18. Plaintiff's minimum schedule was the following: 6 a.m. or 7 a.m. to 5 p.m. or 6 p.m. but often until as late as 8:00 p.m. Monday through Friday. From 2014 until approximately August of 2017, Plaintiff worked this schedule 7 days per week. From approximately August 2017 until the end of his employment, Plaintiff worked this schedule 5 or 6 days per week. Oftentimes, Plaintiff's shifts began early because Trusty Plumbing tasked him with loading the truck with supplies for the day. During Plaintiff's shifts, he often serviced multiple work sites in one day.

19. Plaintiff spent substantial hours working for the benefit of the employer within the City of Chicago. Plaintiff worked at numerous job sites within the City of Chicago performing the manual labor duties described above as assigned by Trusty Plumbing.

20. From approximately mid-2016 to through the end of his employment, Plaintiff was paid an improper salary of $1,500 paid every two weeks. Plaintiff received no compensation for hours worked in excess of 40 in a work week.

21. In addition to the regular labor duties performed by Plaintiff for Trusty Plumbing, Defendant Andrius Gedvilas frequently required Plaintiff to perform additional labor services before or after his regular shifts working for Trusty Plumbing at properties owned by Andrius and Vaida Gedvilas through Homestead Management LLC.

22. When performing work for the Gedvilases and Homestead Management, Plaintiff was required to paint, mow lawns, remove snow and perform other similar manual labor duties.

23. These projects performed by Plaintiff for Homestead Management and the individual Defendants were logged on his Trusty Plumbing timesheets.

24. After Plaintiff performed these duties for Homestead Management and the individual Defendants, the Gedvilases would sometimes pay Plaintiff small amounts of cash outside of his regular pay for the additional required work.

25. Over the course of his entire employment with Defendants, Plaintiff performed exclusively "blue-collar" non-exempt manual labor duties such that Plaintiff did not qualify for any salary exemptions under the FLSA and should have been compensated as a non-exempt hourly employee and received of time and one-half his regular hourly rates of pay for all hours worked over 40 in a work week.

26. Additionally, Defendants included in Plaintiff's compensation housing consisting of an apartment valued at approximately $1,150 per month. At the end of each year during the relevant period, Defendants issued to Plaintiff a Form 1099 for the annual

value of Plaintiff's housing. Defendants failed to include the value of Plaintiff's housing in their calculation of overtime rates in accordance with C.F.R. §778.116. This portion of Plaintiff's compensation should have been included in the calculation of Plaintiff's effective overtime rate of pay.

27. Over the course of his employment with Defendants, Plaintiff was told that that he was to be paid an hourly rate of $15 per hour and later, a rate of $17 per hour. However, Defendants did not pay Plaintiff in accordance with this agreement and instead paid him on an improper salary basis as described herein.

28. At times during his employment, Defendants would pay to Plaintiff an annual cash "catch-up" payment in an attempt to supplement Plaintiff's pay and in further attempt to avoid the overtime provisions of the federal and state statutes relied upon herein.

29. In a further attempt to circumvent the federal and state statutes relied upon herein, Defendants paid some wages to Plaintiff in cash in order to avoid the overtime provisions of the federal and state statutes relied upon herein and decreasing the amount taxes paid by Defendants to the United States Treasury and depriving the named Plaintiffs and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

30. Over the entire course of Plaintiff's employment, including such time within the relevant period, he did not receive any compensation for hours worked in excess of 40 in a work week.

31. Plaintiff worked in excess for forty (40) hours in many, if not all, workweeks during his employment without pay at a rate of time and one half his regular hourly rates of pay for such hours.

32. Plaintiff was denied time and one half his regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

33. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

34. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-34. Paragraphs 1 through 3445 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 34 of this Count I.

35. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one

and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

36. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, and the Plaintiff Class, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-36. Paragraphs 1 through 36 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of Count II.

37. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such

information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

38. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-38. Paragraphs 1 through 38 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 38 of Count III.

39. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

40. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-40. Paragraphs 1 through 40 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 40 of this Count IV.

41. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

42. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

43. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-43.   Paragraphs 1 through 43 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 43 of this Count V.

44.     Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

45.     Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

46.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rates of pay.

47.     Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a)     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c).    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     for such additional relief the Court deems just and appropriate under the circumstances.


Respectfully submitted,

*Electronically Filed 10/28/2019*

s/John W. Billhorn
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff